IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ANGELA FORRESTER, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CJ-2014-01965 |
| vs. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| APEX REMINGTON, INC., a Foreign For | ) |
| Profit Business Corporation, d/b/a | ) |
| APEX REMINGTON PIPE & SUPPLY | ) |
| CO., | ) |
| | ) |
| Defendant. | ) |

E. Mark Barcus

DISTRICT COURT
F I L E D
MAY 2 0 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW the Plaintiff, Angela Forrester, by and through her attorney of record, Daniel E. Smolen and Lauren G. Lambright, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Apex Remington, Inc., d/b/a Apex Remington Pipe & Supply Co., for violation of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant Apex Remington, Inc., d/b/a Apex Remington Pipe & Supply Co., is a foreign for profit business corporation regularly conducting business in Tulsa County, State of Oklahoma and employs more than fifteen (15) people.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on sex. A

1

Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.   This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6.   Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* ("Title VII"), providing for relief against discrimination in employment on the basis of gender.

7.   Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8.   Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9.   Plaintiff incorporates as if realleged the preceding paragraphs.

10.  Plaintiff was hired by Defendant on January 14, 2009 as a Corporate Secretary.

11.  Plaintiff subsequently moved to the position of Human Resources Director and remained in that position until her termination.

12.  Plaintiff was an outstanding employee and never received formal discipline from the Defendant.

13.  Defendant then terminated Plaintiff's employment on December 12, 2012 informing her that she was being fired because she was married to the company's president, Colby Forrester, which allegedly violated the Defendant's anti-nepotism policy.

14. The Defendant's stated reason for termination is pretext as the Plaintiff is aware of numerous employees with familial ties to another employee who remain employed by the Defendant. Plaintiff is, in fact, aware of a married couple, Donna and Danny Andersen, who continue to be employed with Defendant despite their marriage. Clearly then, Defendant regularly allows individuals to violate this alleged policy and it has unfairly enforced the policy against Plaintiff because of her gender.

15. Additionally, the Plaintiff was terminated based upon her gender since her husband, Colby Forrester, a male, was not subjected to the anti-nepotism policy and was not terminated from his employment.

16. Plaintiff believes that the disparate treatment and discipline she suffered was discriminatory based on her sex.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON GENDER (TITLE VII)

17. Plaintiff incorporates the preceding paragraphs as if realleged.

18. Plaintiff's employment was terminated because of her gender.

19. By treating the Plaintiff differently than similarly situated male employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

    WHEREFORE, plaintiff prays for judgment against the defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION BASED ON GENDER IN VIOLATION OF THE OADA 25 O.S. § 1301 *et seq*

20. Plaintiff incorporates the preceding paragraphs as if realleged.

21. By terminating Plaintiff's employment for engaging in the same conduct in which her male counterparts engaged without punishment, the Defendant has violated the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301, *et seq.*

   WHEREFORE, Plaintiff prays for judgment against the Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
   d. Her attorney fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates the preceding paragraphs as if realleged.

23. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

24. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

   WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
   d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN PLLC

Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff